**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:18-CR-00207-ALM-BD-1 |
| | § | |
| NORMAN EUGENE VAN ZEE | § | |

# REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Now before the court is the request for revocation of Defendant Norman Eugene Van Zee's ("Defendant") supervised release. After the District Judge referred the matter to this court for a Report and Recommendation, the court conducted a hearing on June 18, 2026, to determine whether Defendant violated his supervised release. Defendant was represented by Heath Hyde. The Government was represented by Kevin McClendon.

Defendant was sentenced on October 20, 2003, before The Honorable Lawrence L. Piersol of the District of South Dakota after pleading guilty to the offense of Possession With Intent to Distribute a Controlled Substance, a Class A felony. This offense carried a statutory maximum imprisonment term of Life and the minimum term of imprisonment was 20 years. The guideline imprisonment range, based on a total offense level of 35 and a criminal history category of VI, was 292 to 365 months. Defendant was subsequently sentenced to 292 months imprisonment followed by a 10-year term of supervised release subject to the standard conditions of release, plus special conditions to include abstaining from alcohol and avoiding bars and similar venues, warrantless search condition, financial disclosure, substance abuse testing and treatment, residential substance abuse placement, mental health treatment, community corrections placement (pre-release status), submission of biological samples (blood, breath, urine), and a $100 special assessment. On August 30, 2018, Defendant completed his period of imprisonment and began service of the supervision

term. On October 5, 2018, the conditions of supervision were modified to include a special condition requiring participation in mental health treatment, to include medication management as prescribed. On October 15, 2018, jurisdiction was transferred from the District of South Dakota to the Eastern District of Texas, and the case was reassigned to The Honorable Amos L. Mazzant, III, Chief U.S. District Judge.

On April 27, 2026, the United States Probation Officer executed a First Amended Petition for Warrant or Summons for Offender Under Supervision (Dkt. #6, Sealed). The Petition asserts that Defendant violated eight (8) conditions of supervision, as follows: (1) (mandatory) Defendant shall refrain from any unlawful use of a controlled substance; (2) (standard) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (3) (special) Defendant shall participate in a program approved by and at the direction of the probation office for treatment of substance abuse, which will include testing to determine if Defendant has reverted to the use of alcohol or drugs; (4) (standard) Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month; (5) (mandatory) Defendant shall not commit another federal, state, or local crime; (6) (standard) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer; (7) (mandatory) Defendant shall not commit another federal, state, or local crime; and (8) (mandatory) Defendant shall not illegally possess a controlled substance (Dkt. #6 at pp. 1-3, Sealed).

The First Amended Petition alleges that Defendant committed the following acts: (1)-(2) On June 24, 2021, during an unannounced home visit conducted at his residence, Defendant submitted a positive urine specimen for marijuana. He provided a verbal admission, and it was

also confirmed by the national lab. On March 1, 2023, Defendant reported to the Plano U.S. Probation Office and provided a urine specimen which tested positive for marijuana. He provided a verbal admission, and it was also confirmed by the national lab. On March 19, 2025, during a home visit at his residence, Defendant submitted a urine specimen which tested presumptive positive for marijuana. When questioned, he verbally admitted to using marijuana. The specimen was submitted to the national lab for confirmation; however, the laboratory analysis was limited to alcohol testing and did not include drug confirmation. On May 19, 2025, Defendant submitted a positive urine specimen for marijuana at McCary Counseling, in Denton, Texas. He verbally admitted to using marijuana prior to submission. The specimen was also confirmed by the national lab. On December 17, 2025, during a home visit at his residence, Defendant was advised a drug test would be conducted. Prior to providing a urine specimen, he was asked about any recent substance use and verbally admitted he had smoked marijuana a few days prior. He further admitted to using marijuana on two additional occasions over the preceding months. He subsequently submitted a urine specimen, which tested negative for marijuana. On March 1, 2026, during a home visit conducted at his residence, Defendant submitted a positive urine specimen for marijuana and methamphetamine. Upon questioning, he admitted to using marijuana but denied any methamphetamine use. The specimen was subsequently confirmed positive for both substances by the national lab; (3)-(4) On November 2, 2023, during a home visit at Defendant's residence, he was instructed to report to the Plano U.S. Probation Office on November 3, 2023, to submit a urine specimen after he was unable to provide a specimen during the visit. Defendant failed to report for drug testing as instructed and as part of the U.S. Probation Office's random drug testing program; (5)-(6) On October 24, 2023, Defendant was issued a citation by the Cross Roads Police Department in Cross Roads, Texas, for Theft of Property (Class C misdemeanor),

related to attempting to leave a Walmart store with merchandise that had not been paid for. On October 31, 2023, he resolved the citation by making a payment of $381 to the Cross Roads Municipal Court. Defendant failed to report this law enforcement contact as required; (7)-(8) On April 10, 2026, Defendant was arrested by the Frisco Police Department in Frisco, Texas, for committing the offenses of Possession of a Controlled Substance (Penalty Group 1/1-B) >=4 grams but <200 grams, in violation of Texas Health and Safety Code § 481.115(d) and Possession of Marijuana <2 oz, in violation of Texas Health and Safety Code § 481.121(b)(1). According to the arrest report, the Frisco Police Department conducted a traffic stop on a vehicle driven by Defendant after receiving an alert associated with an outstanding U.S. Marshals warrant for supervised release violations. A subsequent search of the vehicle incident to arrest revealed a lunch kit belonging to Defendant. Inside, officers located approximately 6.87 grams of a crystal-like substance that field-tested positive for methamphetamine, six hand-rolled marijuana cigarettes totaling approximately 4.96 grams, and a burnt glass pipe with residue consistent with methamphetamine use. Ownership of the lunch kit was confirmed by items bearing Defendant's name located inside. On April 27, 2026, contact was made with the Denton County District Clerk's Office, and they advised the charges have been received but have not been filed. These matters remain pending in Denton County, Texas (Dkt. #6 at pp. 1-4, Sealed).

Prior to the Government putting on its case at the final revocation hearing, the Government moved to dismiss allegations (7) and (8). Defendant entered a plea of true to allegations (1), (2), (3), (4), (5), and (6) of the First Amended Petition. Having considered the First Amended Petition and the plea of true to allegations (1), (2), (3), (4), (5), and (6) the court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court

**RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of twenty-one (21) months, with no term of supervised release to follow.

Th court recommends that allegations (7) and (8) of the First Amended Petition be dismissed.

The court finally recommends that Defendant be housed in a Bureau of Prisons medical facility in Fort Worth, Texas, if appropriate.

**IT IS SO ORDERED.**

**SIGNED this 10th day of July, 2026.**

Aileen Goldman Durrett

AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE